**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-10626

(Summary Calendar)
_____


HERBERT R GRAFF; CARL W MANGUS; STEVE FEDORKO;
ED J PAYNE; LARRY FLOOD; VINCE SCARICH; OTTO
NASS; JEFF FEDORKO,

                    Plaintiffs-Appellees,

and

KOVAR-ANDREWS PROGRAM; MITCHELL MCDADE MCDADE
PROGRAM

                    Plaintiffs

versus

GANDY MICHENER SWINDLE & WHITAKER; RAMSAY H
SLUGG; WAYNE M WHITAKER; TAYLOR GANDY; JOHN W
MICHENER, JR; DONALD O PRATT; H DAVID FLOWERS;
JOHN V HOWARD; ROBERT D AKERS; BRUCE W MCGEE;
KENDALL A HALL; JERRY K SAWYER; TOM L
LARIMORE; RAGAN S TATE; JOHN ALLEN CHALK; PAUL
M BUCHANAN; JOSEPH W SPENCE; LINDA TODD
MURPHY; TERRIE LIVINGSTON; RICKY BALTHROP;
GEORGE BARLOW; WILLIAM T FITZGERALD; JAMES G
REYNOLDS; MACK ED SWINDLE; INVESTAMERICA
FINANCIAL SERVICES CORP; LEON W SNEARLY; DON H
FORD; DAVID M BECKHAM; ROBERT W STEWART, III;
R GERALD HUGHES; DONALD L FIELD, JR; DIAMOND M
DRILLING & EXPLORATION COMPANY; JANE WIGGIN
GUDGEN; WHITE CARRIAGE PROPERTY CORPORATION;
WHITE FEATHER ROYALTY CORPORATION; TM
CORPORATION; DON H FORD & ASSOCIATES,

                              Defendants.

        and


        ALFRED E BREMERS

                              Defendant-Appellant


        ROBERT W STEWART, III

                              Defendant-Appellant.

        _____

        Appeal from the United States District Court
            For the Northern District of Texas
                    (4:93-CV-667-A)
        _____
                September 17, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Alfred E. Bremers and Robert W. Stewart, III appeal a jury
verdict in their disfavor following a trial concerning violations
of Texas securities laws.  They argue that the district court
improperly exercised supplemental jurisdiction over their case;
that the district court abused its discretion in disallowing an
amendment raising a "joint venture" defense and a jury instruction
regarding the defense; and that the district court abused its

_____

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

                              -2-

discretion in making evidentiary rulings.  Bremers also argues that the district court delivered an erroneous instruction regarding the reliance element of fraud.

We hold that the district court did not abuse its discretion in exercising jurisdiction over the pendent state claims after the federal claims which originally provided jurisdiction were dismissed.  *See Cinel v. Connick,* 15 F.3d 1338, 1344 (5th Cir.) (stating that district court has "discretionary power to adjudicate pendent claims after it has dismissed the federal claims that originally invoked its jurisdiction"), *cert. denied,* ___ U.S. ___, 115 S. Ct. 189, 130 L. Ed. 2d 122 (1994).  The district court did not abuse its discretion in denying the Appellants' request to amend their pleadings to allege the joint venture defense.  *See Moody v. FMC Corp.,* 995 F.2d 63, 65 (5th Cir. 1993) (stating standard as abuse of discretion).  Accordingly, the district court did not err in refusing to instruct the jury on the joint venture defense.  Because Bremers and Stewart failed to provide us with a copy of the trial transcript, we are unable to review their contentions regarding the district court's evidentiary rulings. *See Piper v. U.S. Postal Serv.,* No. 94-41368 (5th Cir. June 19, 1995) (holding that failure to provide transcript prevented meaningful review of Appellant's contentions that the trial court made incorrect evidentiary rulings).  Finally, the district court correctly instructed the jury concerning the reliance element of

fraud.  *See Koral Indus. v. Security-Connecticut Life Ins. Co.,* 802 S.W.2d 650, 651 (Tex. 1990) (stating that the only defense to fraud is actual knowledge of the misrepresentation).

For the foregoing reasons, we AFFIRM.